NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL COMBS, an individual,

Plaintiff - Appellant,

v.

PEACEHEALTH, INC., a corporation,

Defendant - Appellee.

No. 25-969

D.C. No.
6:23-cv-01673-MTK

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, District Judge, Presiding

Submitted June 9, 2026**
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Michael Combs, a former employee of PeaceHealth, Inc., a Catholic not-for-

profit healthcare system, appeals the district court's order granting summary

judgment in favor of PeaceHealth on his claims of religious discrimination in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of Title VII of the Civils Rights Act of 1964 and Oregon Revised Statute § 659A.030. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an order granting summary judgment. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) (per curiam). The parties are familiar with the facts of this case, so we do not recount them here except as necessary. We affirm.

Under Title VII, an employer must "reasonably accommodate" an employee's religious observance or practice unless doing so would cause "undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). An undue hardship is one that imposes a burden that is "substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). Determining whether a purported burden meets this standard is "fact-specific" and requires us to "take[] into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer." *Id.* at 468, 470–71 (citation modified).

In *Williams v. Legacy Health*, 174 F.4th 1201 (9th Cir. 2026), we recently applied the undue hardship standard to a hospital's rule requiring COVID-19 vaccination for healthcare employees. *Williams* concluded that the healthcare-system defendant in that case demonstrated substantial undue hardship because

providing exemptions to its vaccination requirement posed a significant infection risk to its patients and employees. *Id.* at 1206.

So too here. PeaceHealth put forth evidence that exempting Combs from the vaccination requirement posed an unacceptably high risk to patient safety and to the safety of his coworkers. The record established that the virus that causes COVID-19 is highly contagious and Combs's job duties required him to interact directly with patients and other medical providers. Moreover, it is uncontroverted that PeaceHealth implemented its vaccine requirement based on the scientific evidence available to it at the time that demonstrated vaccination was "the single most important method" of protecting against COVID-19. *See id.* at 1207 (explaining that when courts assess an employer's undue-hardship defense, courts "ask whether the employer 'relied on the scientific evidence and COVID data then available'" (quoting *Petersen v. Snohomish Reg'l Fire & Rescue*, 150 F.4th 1211, 1222 (9th Cir. 2025))). PeaceHealth determined that allowing unvaccinated staff to work in person would have created an unreasonable health and safety exposure risk to other employees and patients. *Id.* at 1206–07 (explaining that "substantial additional costs" are not limited to monetary costs but extend to health and safety costs as well, which in the context of a healthcare provider, "make all the difference"). The law does not require more.

25-969

Combs argues that reversal is warranted because PeaceHealth did not make an individualized assessment of his accommodation request but rather applied a categorical rule that no employee with job duties that required in-person work could be unvaccinated. This argument is foreclosed by *Williams*, which explains that if an employer decides that "no accommodation is possible without undue hardship, then consideration of a particular accommodation is an exercise in futility." *Id.* at 1207. After announcing its vaccination requirement, PeaceHealth received exemption requests from more than 800 employees nationwide. PeaceHealth reasonably determined that for employees who provide direct patient care, and for employees who interact with other employees who provide patient care, vaccination against COVID-19 was critical due to its efficacy in reducing infection transmission. Given its reasoned determination, PeaceHealth was not required to provide individualized assessments of each of the hundreds of requests it received beyond determining whether each employee could perform his job remotely. *See id.* at 1207–08; *EEOC v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 615 (9th Cir. 1988) ("If an employer can show that no accommodation was possible without undue hardship, it makes no sense to require that [it] engage in a futile act.").

**AFFIRMED.**